# William Wilson et al., Plffs. in Err., v. Edward L. Fenimore.

On a dissolution of partnership the continuing partners signed an agreement with the retiring partner to give him their note for his interest in the assets, the same to be valued in a manner prescribed by the agreement.  In subsequent dealings between the parties they all agreed upon a certain construction to be placed upon the article of dissolution in respect to the mode of dividing the assets; but afterwards, in a suit upon the notes, one of the parties repudiated this construction and sought to establish another and different one.  *Held*, that a referee's report adhering to and applying the parties' own construction of the articles was correct.

(Decided April 19, 1886.)

Error to the Common Pleas, No. 4, of Philadelphia County to review a judgment for plaintiff in an action upon a promissory note.  Affirmed.

This suit was brought on the following note:

$6,892.85.                          Philadelphia, August 25, 1879.

Five years after date we promise to pay to the order of Edward L. Fenimore six thousand eight hundred and ninety-two dollars and eighty-five cents, without defalcation, for value received.   Interest on said sum to be paid on demand in weekly instalments.                          Wilson & Fenimore.

The defendant in error is the payee, and the plaintiffs in error the makers of the note.

In 1873 William Wilson, Francis Fenimore, and Edward L. Fenimore entered into a copartnership for the manufacture and sale of wall papers.   There were no formal articles of partnership.   It was agreed, however, between them, that they should

NOTE.—The acts of the parties to a contract, showing the construction which they have put upon it, will be followed by the court where there is ambiguity.   Gass's Appeal, 73 Pa. 39, 13 Am. Rep. 726.   And the conduct of the parties, indicating their understanding, is always admissible to show the proper interpretation to be given to it.   Huckestein v. Nunnery Hill Incline Plane Co. 173 Pa. 169, 33 Atl. 1108; New York Tartar Co. v. French, 154 Pa. 273, 26 Atl. 425; Pratt v. Campbell, 24 Pa. 184.

share equally in the profits and losses of the business, but that their several interests in the capital of the firm should be proportionate to the amount contributed by each.

On August 14, 1878, the firm was dissolved by mutual consent; the articles of dissolution providing, *inter alia*, that Edward L. Fenimore should assign to the remaining partners all his right, title, and interest in and to the property of the firm, to receive in consideration for the same their promissory notes payable at the end of five years, bearing interest at the rate of 6 per cent per annum, payable weekly; that the shares of Edward L. Fenimore and Francis Fenimore, as they stand on the books of the said firm, should be added together and the share or interest of Edward L. Fenimore adjusted upon the basis of the one equal half part of such sum; that the reappraisement and valuation of the property, stock, and assets of said firm shall be made by the parties hereto. Should they fail to agree upon the valuation of any item thereof, the value of the same shall be determined by two appraisers; one to be appointed by the party of the first part, the other by the parties of the second part; with power in said appraisers, if they fail to agree, to appoint an umpire, whose decision shall be final. The amount coming to the said Edward L. Fenimore shall be thereupon determined upon the basis of such reappraisement.

In August, 1879, the parties agreed upon the amount due plaintiff as his share of the partnership assets as computed in the manner agreed upon in the articles of dissolution, and the above note was given in accordance therewith, in satisfaction of such share.

On June 21, 1880, Wilson, upon looking over the books, claimed to have discovered an error in the manner of stating the partnership account under the articles of dissolution, which, if corrected, would reduce plaintiff's share of the assets, and hence the amount of the note, to $1,737.70.

The discrepancy arose in this manner: In stating the account apparent excess of assets over liabilities was found to be $84,544.08. The losses, which were $55,969.31, were deducted from this amount, leaving the sum of $28,574.77; which was divided among the partners in the manner prescribed by the articles of dissolution, making plaintiff's share the amount for which the note was given. .

Defendants contended, however, that, under the partnership

agreement, one third of the losses should be charged against each partner, which amount should be deducted from that partner's proportionate share of the apparent excess of assets, which would make plaintiff's share as claimed above, namely, $1,737.70.

The firm immediately demanded a surrender of the note, and offered to execute a new note in place thereof. Plaintiff declined the offer, and the firm thereupon ceased to pay interest. In August, 1884, this suit was brought, and the case referred to a referee, who found that the method employed for stating the account was the one contemplated by the parties, and awarded in favor of plaintiff.

This finding was affirmed by the court, and defendants brought error.

*J. M. & W. P. Gest* and *John Sparhawk, Jr.,* for plaintiffs in error.

*D. R. Patterson* and *Robert H. McGrath* for defendant in error.

PER CURIAM:

The plaintiffs in error seek to defeat a recovery on this note by changing the construction which all the parties interested therein had put on the articles of dissolution. A year after they were executed the parties agreed as to the true meaning thereof, and for many months thereafter the correctness of that construction was not doubted.

The report of the referee justifies the judgment.

Judgment affirmed.